UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE JOHNSON, an individual,<br><br>                                    Plaintiff,<br><br>v.<br><br>BIRKS PROPERTIES, LLC, a Delaware company; ROGER BIRKS, an individual, and DOES 1 through 10, inclusive,<br><br>                                    Defendants. | Case No.:  21-CV-01380-GPC-DEB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) AND RULE 12(B)(1)**<br><br>**[ECF No. 11]** |

On November 4, 2021, Defendant Birks Properties, LLC and Defendant Roger Birks ("Defendants") filed a Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and 12(b)(1). ECF No. 11. On December 3, 2021, Plaintiff opposed. ECF No. 13. On December 17, 2021, Defendants replied in support of their Motion. ECF No. 14. Having considered the parties' filings, the Court finds this matter suitable for disposition on the papers and HEREBY VACATES the hearing previously set for January 14, 2022.

## I.  BACKGROUND

The dispute before the Court concerns a residential lease entered into by Plaintiff and Defendant Birks Properties. ECF No. 9 ¶ 10. The lease stated that no pets or animals were allowed to be kept in or around the property. *Id.* ¶ 11. Plaintiff suffers from a mental health disability, the diagnosis of which prompted her to get an emotional support animal ("ESA"), a dog named Benji. *Id.*¶ 14. In March 2021, Plaintiff informed Defendant Roger Birks that she wanted to move Benji into the unit as her ESA. *Id.*¶ 15. On March 31, 2021, Mr. Birks informed Plaintiff that Benji could be on the property, but that he would require an additional security deposit of $700. *Id.* ¶ 18.  Mr. Birks subsequently informed Plaintiff that he would not be renewing her lease, because she had violated the lease by moving a dog onto the premises without permission. *Id.* ¶ 21. According to Plaintiff, Mr. Birks stated, "When your lease comes back around, I'm not going to want a dog on the property. I don't want animals on my property, then everybody else is going to think they can have animals on the property." *Id.* ¶ 19. Mr. Birks also questioned why Benji was not going to work with Plaintiff, given that Benji was an ESA. *Id.* ¶ 20. In June 2021, Mr. Birks told Plaintiff's roommate, Kiara Johnson, that he would be willing to renew the lease with her so long as there were no pets in the unit, but that he would not renew the lease with Plaintiff. *Id.* ¶ 25.

After filing an initial Complaint, Plaintiff then filed the instant Amended Complaint, claiming: 1) disability discrimination under the Fair Housing Act, 2) disability discrimination under the California Fair Employment and Housing Act, 3) Disability Discrimination under the California Unruh Civil Rights Act, 4) Negligence, and 5) Unfair Business Practices as defined in California Business & Professions Code § 17200 *et seq*. Defendants move to dismiss all five claims under Rule 12(b)(6), failure to state a claim upon which relief can be granted. Defendants further move to dismiss the second, third, fourth, and fifth claims for relief for lack of subject matter jurisdiction,

because these four claims arise under California state law and this Court therefore exercises supplemental jurisdiction based on Plaintiff's first claim arising under federal law.

## II.   DISCUSSION

### A.   Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6)

#### 1.   Legal Standard under Rule 12(b)(6)

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint, i.e. whether the complaint lacks either a cognizable legal theory or facts sufficient to support such a theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (citations omitted). For a complaint to survive a Rule 12(b)(6) motion to dismiss, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the motion, the Court accepts the allegations in the complaint as true and construes the pleadings in the light most favorable to the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). The court is also not required to accept as true mere legal conclusions. *Id.* Determination of whether a complaint states a plausible claim is "context specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 663-64. Dismissal without leave to amend is improper unless it is clear that amendment would be futile. *Id.*

2.     **Whether Plaintiff's Claims are Sufficiently Pled to Survive a Rule 12(b)(6) Motion**

a.     **Disability Discrimination Under the Fair Housing Act**

Plaintiff first pleads a claim under 42 U.S.C. §§ 3601 *et seq*., the Fair Housing Act ("FHA"). The FHA allows for both disparate treatment (i.e. intentional discrimination) and disparate impact claims. *Avenue 6E Investments, LLC v. City of Yuma, Ariz.*, 818 F.3d 493, 502 (9th Cir. 2016). Disparate impact "recognizes that the arbitrary quality of thoughtlessness can be as disastrous and unfair to private rights and the public interest as the perversity of a willful scheme." *Id.* at 503 (citing *United States v. City of Black Jack, Mo.*, 508 F.2d 1179, 1185 (8th Cir. 1974)).

i.     **Discrimination under § 3604(c)**

42 U.S.C. § 3604(c) makes it illegal to "make, print, or publish . . . any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination . . . based on . . . handicap . . . or an intention to make any such preference, limitation, or discrimination." § 3604(c) applies to all written or oral notices or statements by "a person engaged in the sale or rental of a dwelling." 24 C.F.R. § 100.75(b). No discriminatory intent is required. *Housing Rights Ctr. v. Sterling*, 404 F. Supp. 2d 1179, 1193 (C.D. Cal. 2004). "An oral or written statement violates § 3604(c) if it suggests a preference, limitation, or discrimination to the 'ordinary listener' or reader." *Id.* Section 3604(c) protects existing tenants, not just prospective ones. *Id.* To establish a claim under § 3604(c), a plaintiff must show that: (1) the defendant made a statement; (2) the statement was made with respect to the rental of a dwelling; and (3) the statement indicated a preference, limitation, or discrimination on a disallowed basis. *See Wentworth v. Hudson*, 493 F.Supp.2d 559, 565 (E.D.N.Y. 2007) (discussing elements of Fair Housing Act claim). HUD has interpreted § 3604(c) to

4

"apply to all written or oral notices or statements by a person engaged in the sale or rental of a dwelling." 24 C.F.R. § 100.75(b).

Here, Plaintiff has alleged that Defendant Roger Birks, a rental unit manager, made a statement with respect to the rental of a dwelling: "When your lease comes back around, I'm not going to want a dog on the property. I don't want animals on my property, then everybody else is going to think they can have animals on the property." ECF No. 1 at 5. The question posed is whether this statement indicates a disallowed preference, limitation, or discrimination. This statement, read in context, ignores the Plaintiff's documented medical condition and need for an accommodation in the form of an ESA. At this early juncture, and taking all allegations in the light most favorable to the non-moving party, the Court finds that the statements alleged by Plaintiff and attributed to Defendant plausibly express a preference against or limitation on those residents who rely on ESAs. As such, Plaintiff has pled a claim under 42 U.S.C. § 3604(c) that survives a Rule 12(b)(6) Motion to Dismiss. Defendants' Motion to Dismiss this claim is DENIED.

### ii.        Discrimination under § 3604(f)(1)(A)

Plaintiff further pleads a violation of § 3604(f)(1)(A). 42 U.S.C. § 3604(f)(1) provides in relevant part that it is unlawful to "discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of . . . that buyer or renter . . ." For "purposes of this subsection, discrimination includes . . . (B) a refusal to make reasonable accommodations in rules, policies, practices, or services, where such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). The FHA therefore imposes "an affirmative duty upon landlords reasonably to accommodate the needs of handicapped persons . . . not only with regard to the physical acommodations . . . but also with regard to the administrative policies regarding rentals." *Giebeler v.*

21-CV-01380-GPC-DEB

*M&B Assocs.*, 343 F.3d 1143, 1146 (9th Cir. 2003) (citing *United States v. Cal. Mobile Home Park Mgmt. Co.*, 29 F.3d 1413, 1416 (9th Cir. 1994) (internal citations omitted)). To state a claim based on failure to reasonably accommodate, "a plaintiff must demonstrate that (1) she suffers from a handicap as defined by the FHAA; (2) defendants knew or reasonably should have known of the plaintiff's handicap; (3) accommodation of the handicap may be necessary to afford plaintiff an equal opportunity to use and enjoy the dwelling; and (4) defendants refused to make such accommodation." *Smith v. Powdrill,* 2013 WL 5786586, at \*4 (C.D. Cal. Oct. 28, 2013) (citing *Giebeler*, 343 F.3d at 1147 (9th Cir. 2003)). Applying these principles here, Plaintiff has adequately pled that she suffers from a disability and that Defendants should have known of the disability because she provided them with paperwork from her doctor. ECF No. 9 at 4. Plaintiff has also sufficiently alleged that accommodation of her handicap was necessary to afford her an equal opportunity to use and enjoy the dwelling, because she could not live there without the support of her ESA. *Id.* Finally, Plaintiff has sufficiently alleged that Defendants refused to make a reasonable accommodation in their rule or policy against animals in order to allow her to live with her ESA, by threatening not to renew her lease because of the presence of the animal. *Id.* at 5.

Defendants argue that a claim under § 3604(f)(1)(A) cannot stand unless the dwelling is actually made "unavailable," and point to attached emails from Plaintiff's counsel to argue that Plaintiff still lives on the property. ECF No. 14 at 5. However, the Court at this time considers only matters presented in the pleadings. More importantly, the statute allows for multiple bases on which to consider potential discrimination. If the claim were brought solely under the "make unavailable" prong of § 3604(f), the fact that Plaintiff has not alleged that the home is actually unavailable might defeat that claim. *See Thompson v. Westboro Condominium Ass'n*, 2006 WL 2473464, at \*2 (W.D. Wash. Aug. 25, 2006) (discussing Plaintiff's claims that a home was made unavailable). However,

6

§ 3604(f) also clearly permits a claim based on discrimination more broadly, including a refusal to make reasonable accommodations. *See id.* (discussing a further basis for a discrimination claim based on a failure to accommodate). Therefore, as Plaintiff has adequately pled a claim under § 3604(f)(1)(A) for discrimination for failure to reasonably accommodate as defined in § 3604(f)(3)(B), Defendants' Motion to Dismiss is DENIED as to this claim.

### iii.    Discrimination under § 3604(f)(2)(A)

Plaintiff also pleads a violation of § 3604(f)(2)(A), which provides against discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of . . . that person . . ." 42 U.S.C. § 3604(f)(2)(A). "Discrimination may be shown through disparate treatment, disparate impact, or refusal to make 'reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford the handicapped individual an equal opportunity to use and enjoy a dwelling." *Southern California Housing Rights Ctr. v. Los Feliz Towers Homeowners Ass'n*, 426 F. Supp. 2d 1061, 1066 (C.D. Cal. 2005). To establish a case of disparate treatment based on handicap, "Plaintiff must show that: (1) [s]he has a handicap as defined in the statute; (2) [s]he was treated differently in the terms, conditions, or privileges of [her] rental relationship or in the provision of services or facilities to [her] as a tenant; and (3) the different treatment was, at least in part, because of [her] handicap." *Moye v. Conifer Group, Inc.*, 2016 WL 4010025, at *2 (D. Or. July 25, 2016). This discrimination need not be motivated by personal prejudice or animus to constitute a violation of the FHA. *Id.* (citing *Johnson v. Macy*, 145 F. Supp.3d 907, 915 (C.D. Cal. 2015)).

Taking all allegations in the Complaint as true and in the light most favorable to Plaintiff, the Court finds that Plaintiff has sufficiently alleged a claim under

§ 3604(f)(2)(A) at this early stage of the case. Plaintiff has pled that she has a handicap. Furthermore, Plaintiff has pled that she was treated differently in the terms, conditions, and privileges of her rental relationship—namely, that her roommate, who is not alleged to suffer from a handicap, was offered a lease renewal while Plaintiff was not. Finally, Plaintiff has plausibly alleged that the differential treatment was motivated at least in part by her disability, i.e. by the fact that she needed an ESA with her. Therefore, the Court DENIES Defendants' Motion to Dismiss Plaintiff's § 3604(f)(2)(A) claim.

Because Plaintiff's claims under the FHA survive Defendants' Motion to Dismiss, and in the interest of a full consideration of the parties' filings, the Court will proceed to a consideration of whether Plaintiff's state claims survive a Rule 12(b)(6) motion.

### b.   Disability Discrimination Under the California Fair Employment and Housing Act

California Government Code § 12955 makes it unlawful for the owner of any housing accommodation to discriminate against any person on a disallowed basis, including disability. Cal. Gov't Code § 12955 ("FEHA"). In general, "California explicitly prohibits its fair housing laws from being construed to provide fewer rights or remedies than the FHA and its implementing regulations." *Inland Mediation Bd. v. City of* Pomona, 158 F. Supp. 2d 1120, 1150 (C.D. Cal. 2001). Therefore, to the extent that Plaintiff has stated a claim that is sufficient to withstand a Rule 12(b)(6) Motion under the FHA, she has also done so under FEHA. *See Pack v. Fort Washington II*, 689 F.Supp.2d 1237, 1248 (E.D. Cal. 2009) ("California courts rely on federal housing discrimination law to interpret analogous provisions of FEHA . . .Therefore, violations of the Fair Housing Act will constitute violations of the parallel provisions of FEHA."). Plaintiff raises her FEHA claim under §§ 12955(a), (c), (d), and (k).

§§ 12955(a) and (d) are "general prohibitions against discrimination based on protected characteristics." *Id.* "Discrimination" under the FHA includes a failure to make

reasonable accommodations in rules, policies, practices, or services, when such accommodations "may be necessary to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B); *Cabrera v. Alvarez*, 977 F. Supp. 2d 969, 975 (N.D. Cal. 2013). These general prohibitions against discrimination also track Plaintiff's claim under § 3604(f)(2)(A) of the FHA. Taking the allegations in the Complaint as true and in the light more favorable to Plaintiff as the nonmoving party, the Court therefore finds that Plaintiff has sufficiently alleged a §§ 12955(a) and (d) claim that is plausible on its face and survives a Rule 12(b)(6) motion to dismiss. Defendants' Motion to Dismiss is therefore DENIED with regard to Plaintiff's § 12955(a) and (d) claims.

The substantive prohibitions of § 12955(c) are the same as those of 42 U.S.C. § 3604(c). Therefore, insofar as Plaintiff has stated a claim that plausibly entitles her to relief under § 3604(c), she has also done so under § 12955(c). *Inland*, 158 F. Supp. 2d at 1151 (C.D. Cal. 2001) (finding congruity between the two statutory provisions). Defendants' Motion to Dismiss is therefore DENIED as to § 12955(c).

Similarly, the substantive prohibitions of § 12955(k) closely track those of 42 U.S.C. § 3604(f)(1)(A), which prohibits the owner of any housing accommodation from discriminating against, or making unavailable or otherwise denying a dwelling based on discrimination because of, among other reasons, disability. *Mei Ling v. City of Los Angeles*, 2012 WL 12918729, at *5 (C.D. Cal. Apr. 10, 2012). Because the Court has denied Defendants' Motion to Dismiss with regard to § 3604(f)(1)(A), the Motion to Dismiss is similarly DENIED with regard to § 12955(k).

### c. Disability Discrimination under the California Unruh Civil Rights Act

California Civil Code § 51 (the "Unruh Act") states, in pertinent part, that all persons within the state of California, regardless of disability (among other grounds) are entitled to full and equal accommodations, advantages, facilities, privileges or services in

9

all business establishments of any kind. Cal. Civ. Code § 51. To prevail on a claim under the Unruh Civil Rights Act, a plaintiff must establish that: (1) she was denied full and equal accommodations, advantages, facilities, privileges, or services in a business establishment; (2) her disability was a motivating factor for this denial; (3) defendants denied plaintiff the full and equal accommodations, advantages, privileges, facilities, or services; and (4) plaintiff suffered injury, damage, loss, or harm as a result of defendant's wrongful conduct. *Wilkin-Jones v. Cty. of Alameda*, 859 F.Supp.2d 1039, 1048 (N.D. Cal. 2012). "Business" is defined broadly, and thus certainly applies to Defendants, as landlords. *Id.* at 1049. Where a plaintiff makes an Unruh Act claim in conjunction with an ADA claim, no intentional discrimination need be shown. *Id.* at 1051. However, where a plaintiff pleads an Unruh Act claim separate from an ADA claim, as here, she must allege intentional discrimination. *Id.* (citing *Earll v. eBay, Inc.*, No. 5:11-cv-00262-JF (HRL), 2011 WL 3955485, at *3 (N.D.Cal. Sept. 7, 2011)).

Assuming that Plaintiff has sufficiently alleged that she was denied full and equal accommodation, her claim under the Unruh Act fails because the Amended Complaint does not allege facts showing that Defendants evinced an intent to discriminate. *Cf. Lentini v. California Ctr. for the Arts, Escondido*, 370 F.3d 837, 850 (9th Cir. 2004) (describing active concealment of discriminatory acts through lying as intentional discrimination under the Unruh Act). While Plaintiff's disability and the acquisition of her ESA which followed from the disability might be motivating factors in Defendants' behavior, this is not the same thing as showing that Defendants acted with the intent to discriminate against Plaintiff. Therefore, Defendants' Motion to Dismiss is GRANTED as to Plaintiff's Unruh Act Claim. Plaintiff is GRANTED leave to amend.

### d. Negligence

To prevail on a negligence claim, a plaintiff must show that the defendant owed her a duty, that the defendant breached that duty, and that the breach was a proximate or

1    legal cause of plaintiff's injuries. *Merrill v. Navegar, Inc.*, 26 Cal.4ᵗʰ 465, 477 (2001).

2    Plaintiff claims that Defendants owed Plaintiff a duty to operate the property in a manner

3    free from unlawful disability discrimination, and that Defendants violated that duty by

4    negligently failing to properly hire and train employees and themselves. ECF No. 9 at 9.

5    However, the facts alleged in the Complaint do not touch on the subject of training,

6    failure to train, or hiring decisions which may reflect negligence on the part of

7    Defendants. This leaves Plaintiff with a recitation of the bare legal elements of the claim.

8    *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ("[T]he tenet that a court must accept a

9    complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's

10   elements, supported by mere conclusory statements.") As such, Plaintiff has failed to

11   state a claim for negligence upon which relief may be granted, and Defendants' Motion

12   to Dismiss is GRANTED. Plaintiff is GRANTED leave to amend.

### e.    Unfair Business Practices

14         Finally, Plaintiff asserts a claim under California Business and Professions Code

15   § 17200 *et seq.* ("UCL")*,* alleging that Defendants "have engaged in a pattern or practice

16   of unlawful discrimination based on disability in the operation of the Subject

17   Property . . ." ECF No. 9 at 10. Unfair competition under the UCL is broadly defined to

18   include "any unlawful, unfair or fraudulent business practice." *Korea Supply Co. v.*

19   *Lockheed Martin Corp.*, 29 Cal.4th 1134, 1143 (2003). "Violations of other laws, when

20   committed pursuant to business activity, become independently actionable under the

21   UCL and subject to its remedies." *People ex rel. Kennedy v. Beaumont Investment, Ltd.*,

22   111 Cal.App.4th 102, 120 (2003). Remedies under the UCL are cumulative. *Id.*

23   Therefore, insofar as Plaintiff has sufficiently pled claims under the FHA and FEHA, her

24   UCL claim also survives a Rule 12(b)(6) motion. Defendants' Motion to Dismiss as to

25   Plaintiff's UCL claim is DENIED.

26

27

28

21-CV-01380-GPC-DEB

1

**B.     Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1)**

2
3
4
5
6

Defendants argue that the Court should dismiss all of Plaintiff's federal claims and therefore all state law claims whose jurisdiction is supplemental to the federal claims. Because one of Plaintiff's federal law claims survives, and because the Court grants Plaintiff leave to amend, Defendants' Motion to Dismiss pursuant to Rule 12(b)(1), subject matter jurisdiction, is DENIED.

7

**III.     CONCLUSION**

8
9
10
11

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss. Plaintiff is GRANTED leave to file a Second Amended Complaint. Any Second Amended Complaint should be filed within forty-five (45) days of the issuance of this Order.

12

**IT IS SO ORDERED.**

13

Dated:  January 11, 2022

14
15

Hon. Gonzalo P. Curiel
United States District Judge

16
17
18
19
20
21
22
23
24
25
26
27
28

12